Daniel, Judge.
The general rule is, that money may be paid into Court when the action is brought for a sum certain, or capable of being ascertained by computation; but not in an action for general damages. Kallett v. E. I. Company. 2 Burr. Reps. 1120. Salt V. Salt. 8 T. R. 47. 1 Saund. Rep. 33. A defendant who has neglected to make a tender before the date of the writ, may relieve himself by paying the debt into court after an action brought, together with the costs of the action up to that time. After he has pleaded, he must obtain the leave of the court to pay money in: and in case the plaintiff refuse to accept the money, he *486 proceeds at his peril, insomuch, that if, at the trial, the jury 110t §*ve a sllm exce8^n& tihe money paid dito court, he will be obliged to pay the costs of the action-, though he is still entitled to take the money out of court, as well in this case, as in a plea of tender. For the défendant in both cases admits, that the plaintiff has a cause of action to the amount of the money paid into court, 1 Saund. 33—Leigh’s N. P. 171. If the money is paid into court generally, it is applicable to the whole declaration, and admits that something is due on each count; if admits the contract and breach, but it does not admit the amount of the breach there stated, Stoveld v. Brewin. 2 Barn. & A. 116. If a defendant wishes to apply money paid into court to a particular count, care should be taken to have it paid in on the particular- count, or it will be applicable to all the counts; Hardin v. Spicer. 1 Camp. 337, and the note. Where there are several counts for several causes of action, or several breaches are assigned in covenant, the defendant may pay into court an entire sum, in full satisfaction of all the counts or breaches. Leighs N. P. 173, who cites Marshall v. Whiteside, 1 Meeson and Wilsby, 188. We take the law to be the same, where there are several breaches assigned upon the condition of a bond, under the statute 8 and 9, Will. 3. For each breach assigned is as a separate count in a declaration; and if the sums claimed on the several breaches can be Ascertained by computation, then money paid into Court general-lyis applicable to each and every breach. In this case, the money was paid into Court generally. While, therefore, it admitted a cause of action upon each breach, it left the defendant perfectly at liberty to shew that the whole amount due upon all those breaches did not exceed what he had paid. The list made out by the Clerk of the County Court was but a memorandum to aid the constable in ascertaining the amount which he probably owed. Being made accord • ing to his directions, it was prima facie evidence against him — and perhaps his sureties — of all that it admitted; but it did not preclude him or them from shewing there were mistakes in it. We see therefore no satisfactory reason for rejecting the testimony offered by the defendants; and therefore *487 the judgment below must be reversed, and according to the agreement of the parties, there must be judgment of non-suit.
Per Curiam. Judgment reversed.